IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DANITA WHITEHEAD and AFSCME DISTRICT COUNCIL 81, LOCAL UNION 1102, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 09-412-GMS |
| CITY OF WILMINGTON, RONALD A. MORRIS, LAURA PAPACHGYSANTHOU, and DEBRA WOODEN, | ) ) ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM

## I. INTRODUCTION

On April 4, 2009, the plaintiff, Danita Whitehead ("Whitehead") commenced this action against the City of Wilmington ("City"), Ronald A. Morris ("Morris"), Laura Papachgysanthou ("Papas") and Debra Wooden ("Wooden") (collectively, the "defendants"), alleging claims for racial discrimination, wrongful termination and breach of contract. (D.I. 1.) On December 4, 2009, Whitehead filed an amended complaint, adding a claim to modify or vacate the arbitrator's award and adding The American Federation of State, County and Municipal Employees ("AFSCME") District Council 81, Local Union 1102 (the "Union") as a plaintiff with respect to that claim. (D.I. 9.) Presently before the court is the defendants' motion to dismiss the breach of contract claim (Count VIII) and wrongful termination claim (Count VII) of Whitehead's amended complaint pursuant to Rule 12(b)(6). (D.I. 10.) For the reasons that follow, the court

will grant the defendants' motion.

## II. BACKGROUND

The following facts are taken from Whitehead's amended complaint. Whitehead is an African-American female who began working for the City of Wilmington in the Revenue Division of the Department of Finance of the Central Cash Unit as a Cashier in January 2003. (D.I. 9 at ¶ 1.) In November 2006, Whitehead was promoted to the position of Assistant Cashier, and on May 12, 2007, Whitehead was elevated to the position of Acting Central Cash Assistant Supervisor. (Id.) In these capacities, Whitehead verified the cash counted by each cashier before the funds were placed in a secured bag for transmission to the bank. (Id. at ¶ 16.)

On June 14, 2007, the bank indicated that there was an $850.34 shortfall in the cash payments verified by Whitehead. (Id. at ¶ 25.) The Central Cash Procedures manual was amended on June 29, 2007 to require the presence of two persons to deposit a count of cash. (Id. at ¶ 34.) Papas issued a report to Morris on July 25, 2007 regarding the $850.34 shortage as well as over $800,000.00 in transfer tax checks which Whitehead failed to process in a timely manner. (Id. at ¶ 27.) The report describes an April 12, 2007 staff meeting at which it was allegedly mandated that two people should be present when the cash deposit is counted. (Id. at ¶ 28.) On September 6, 2007, Whitehead's employment was terminated due to the shortfall as well as the unprocessed transfer tax payments. (Id. at ¶ 31.) The Union, a party to a Collective Bargaining Agreement ("CBA") with the City of Wilmington, filed a grievance alleging that Whitehead's termination violated the CBA. (Id. at ¶ 1.)

On August 14, 2007, Whitehead filed a charge of employment discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Delaware Department of Labor

("DDOL"), which determined that Whitehead was discharged without just cause. (Id. at ¶¶ 35-38.) The City appealed the DDOL's award of benefits, and the appeals referee determined that the City had no basis for appeal. (Id. at ¶¶ 39-40.) An arbitration hearing was subsequently held, and on December 1, 2008, the arbitrator found that the City had violated the CBA by dismissing Whitehead. (Id. at ¶¶ 42, 47.) The arbitrator ordered the City to reinstate Whitehead and make her whole, concluding that the policies allegedly violated by Whitehead were not in effect at the time of the alleged infractions, and other City employees who engaged in conduct identical to Whitehead's conduct were not disciplined. (Id. at ¶¶ 47-48, 50.)

### III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a defendant to move to dismiss a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In deciding a Rule 12(b)(6) motion, the court accepts all factual allegations in the complaint as true and draws all reasonable inferences in favor of the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007). A complaint does not need detailed factual allegations, but it must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S 41, 47 (1957); Fed. R. Civ. P. 8(a)(2)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, --- U.S. ---, ---, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). The assumption of truth does not apply, however, to legal conclusions couched as factual allegations, or to "[t]hreadbare recitals of the

elements of a cause of action, supported by mere conclusory statements[.]" *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)) (internal quotations omitted).

## IV. DISCUSSION

The defendants contend that Whitehead's breach of contract claim is barred because it is subject to the final and binding decision of the arbitrator pursuant to the CBA. (D.I. 11 at 5-6.) Moreover, the defendants contend that Whitehead's wrongful termination claim is actually a claim for breach of the covenant of good faith and fair dealing, which is a contractual claim that falls under the CBA and is therefore also barred by the CBA's mandatory arbitration provision. (Id. at 7-8.) According to the defendants, dismissal of Whitehead's contractual claim based on the manner in which the City defended the arbitration will narrow the scope of the issues and discovery. (Id.)

In response, Whitehead contends that the defendants' motion must be converted into one for summary judgment because it depends on materials extrinsic to the pleadings, namely the CBA. (D.I. 12 at 8-9.) Even if the court determines that it is appropriate to consider matters outside the four corners of the complaint, Whitehead contends that the defendants' arguments based on claim and issue preclusion cannot stand because these arguments must be raised as affirmative defenses. (Id. at 9-10.) Moreover, Whitehead contends that the arbitrator's decision was not final and binding because the damages awarded in the arbitration were beyond the arbitrator's authority under the CBA. (Id.) According to Whitehead, including the contract claims was necessary to avoid an impermissible splitting of the cause of action because the

4

breach of contract and civil rights claims stem from the same transactions and occurrences. (Id. at 11.)

As a preliminary matter, the court rejects Whitehead's argument that the motion to dismiss must be treated as a motion for summary judgment. Generally, on a motion to dismiss pursuant to Rule 12(b)(6), a court may not consider material outside of the pleadings. The court makes an exception, however, when a document becomes "integral to or explicitly relied upon in the complaint." *In re Burlington Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (quoting *Shaw v. Digital Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996) (superseded by statute on other grounds)). Here, the court finds that Whitehead has made the CBA an "integral" part of the amended complaint and references the CBA as an exhibit to her answering brief opposing the defendants' motion to dismiss. Thus, the court considers the CBA for the purpose of deciding the defendants' motion to dismiss.

The court concludes that Whitehead has failed to state a claim upon which relief can be granted with respect to the breach of contract and wrongful termination[1] claims of the amended complaint, and as a result, those claims shall be dismissed. The CBA provides that the arbitrator's decision "shall be final and binding if made in accordance with the arbitrator's

---

[1] Whitehead's claim for wrongful termination is, in essence, a claim for breach of the implied covenant of good faith and fair dealing as set forth in the amended complaint. Specifically, Count VII of the amended complaint accuses the defendants of failing to follow the procedures set forth in the CBA and fabricating reasons to terminate Whitehead without just cause, stating that "[t]he violation of the Covenant of Good Faith and Fair Dealing amounts to a wrongful termination of Plaintiff's employment and breach of contract by Defendant City." (D.I. 9 at ¶¶ 89-92.) Whitehead does not contest the defendants' characterization of the wrongful termination claim as a claim for breach of contract in her answering brief. (D.I. 12.) Therefore, the court concludes that the wrongful termination claim is a contract-based claim governed by the CBA and subject to arbitration.

5

jurisdiction and authority under this Agreement and not prohibited by any ordinance or statutes." (D.I. 11, Ex. A at ¶ 4.10.) Whitehead expressly "concedes that there has been a conclusive, final adjudication in a prior proceeding between the parties" with respect to the defendants' breach of the CBA. (D.I. 12 at 10.) Moreover, Whitehead acknowledges that Count X of the amended complaint separately addresses her contention that the damages award exceeded the arbitrator's jurisdiction. (Id. at 11.) The defendants do not seek to dismiss Count X of the amended complaint by way of their motion to dismiss. Rather, the only counts subject to dismissal are those which Whitehead concedes have resulted in a final and binding judgment at arbitration. The court further concludes that, to the extent Whitehead contends the defendants breached the CBA by their actions in defending the arbitration, these acts relate to the application of the CBA and must be addressed under the grievance provisions of the CBA.

## V. CONCLUSION

For the reasons stated above, the defendants' motion to dismiss is GRANTED. An appropriate order shall issue.

Dated: February 10, 2011

CHIEF, UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DANITA WHITEHEAD and AFSCME DISTRICT COUNCIL 81, LOCAL UNION 1102,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF WILMINGTON, RONALD A. MORRIS, LAURA PAPACHGYSANTHOU, and DEBRA WOODEN,<br><br>Defendants. | C.A. No. 09-412-GMS |

## ORDER

For the reasons stated in the court's Memorandum of this same date, IT IS HEREBY ORDERED that:

1. The defendants' motion to dismiss Counts VII and VIII of Whitehead's amended complaint pursuant to Fed. R. Civ. P. 12(b)(6) (D.I. 10) is GRANTED.

Dated: February 10, 2011

CHIEF UNITED STATES DISTRICT JUDGE